UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION C. STARKS,<br>Petitioner,<br>v.<br>MICHAEL HENNESSEY, et al.,<br>Respondent. | Case No. 18-cv-00683-PJH<br><br>**ORDER DISMISSING PETITION; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 11 |

Petitioner, a former California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend and he has filed an amended petition.

## BACKGROUND

Petitioner states that he was acquitted after a jury trial but was falsely imprisoned from 2008 to 2010. Docket No. 10 at 1-2. He states he filed appeals that were denied by the state courts in 2010 and 2012. Docket No. 1 at 3.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules

Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Petitioner's claims are not entirely clear nor are the circumstances surrounding his trial and incarceration. The petition was dismissed with leave to amend to provide more information concerning his claims and to address their timeliness. He has failed to provide any additional information.

To the extent petitioner seeks to challenge a conviction from 2008, this case is untimely by many years. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). Petitioner states that his state appeals were denied in 2010 and 2012. The petition is late by many years.

To the extent there was no conviction and petitioner seeks to bring a claim of false imprisonment pursuant to 42 U.S.C. § 1983, this action also appears untimely. Petitioner

2

states he was falsely imprisoned from 2008 to 2010. Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), superseded by statute on other grounds as stated in J*ones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id*. Thus, an inmate has four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335, plus two years during which accrual was postponed due to the disability of imprisonment. Assuming plaintiff was provided four years, this action would still be untimely.

## CONCLUSION

1. The motion to proceed in forma pauperis (Docket No. 11) is **DENIED** as moot because he has already been granted leave to proceed in forma pauperis.

2. The petition is **DISMISSED** and a certificate of appealability is **DENIED**.

3. The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: May 1, 2018

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION C. STARKS,<br>　　　　Plaintiff,<br>　　v.<br>MICHAEL HENNESSEY, et al.,<br>　　　　Defendants. | Case No. 18-cv-00683-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 1, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marion C. Starks
150 Otis St., Apt. 609
San Francisco, CA 94103


Dated: May 1, 2018


　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Kelly Collins, Deputy Clerk to the
　　　　　　　　　　　　　　　　Honorable PHYLLIS J. HAMILTON